SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
SEONG KIM (Cal. Bar No. 166604)
REBECCA EDELSON (Cal. Bar No. 150464)
        shkim@smrh.com
        redelson@sheppardmullin.com
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067
Telephone:  (310) 228-6161
Facsimile:  (310) 228-3940

Attorneys for Plaintiffs
ABS-CBN CORPORATION,
ABS-CBN FILM PRODUCTIONS, INC.,
and ABS-CBN INTERNATIONAL CORPORATION

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABS-CBN CORPORATION, a Philippines corporation, ABS-CBN FILM PRODUCTIONS, INC. d/b/a Star Cinema, a Philippines corporation, and ABS-CBN INTERNATIONAL CORPORATION, a California corporation, <br><br> Plaintiffs, <br><br> v. <br><br> JOHN DOES 1–10 inclusive d/b/a THE INDIVIDUALS, PARTNERSHIPS, OR BUSINESS ASSOCIATIONS IDENTIFIED AS FMOVIES.TO, inclusive, <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR:** <br><br> **(1)  FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114;** <br><br> **(2)  FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(a);** <br><br> **(3)  COMMON LAW TRADEMARK INFRINGEMENT;** <br><br> **(4)  DIRECT FEDERAL COPYRIGHT INFRINGEMENT;** <br><br> **(5)  CONTRIBUTORY FEDERAL COPYRIGHT INFRINGEMENT; and** <br><br> **(6)  UNFAIR COMPETITION UNDER CAL. BUS. & PROF. §§ 17200 AND 17500.** |

-1-

## <u>COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF</u>

Plaintiff ABS-CBN CORPORATION, Plaintiff ABS-CBN FILM PRODUCTIONS, INC. d/b/a Star Cinema, and Plaintiff ABS-CBN INTERNATIONAL CORPORATION (hereinafter collectively, "Plaintiffs" or "ABS-CBN"), by and through their counsel, hereby sue Defendants John Does 1–10 inclusive d/b/a the individuals, partnerships, or business associations identified as fmovies.to, inclusive ("Defendants"), and allege as follows:

## <u>NATURE OF THE CASE</u>

1.      This is an action for willful trademark and copyright infringement and unfair competition.  ABS-CBN is the largest media and entertainment company in the Philippines.  With its twelve large production studios, ABS-CBN produces over 2,430 hours of original content every year for its numerous television stations, including daily drama teleseries, drama anthologies, movies, musical and variety shows, game shows, reality shows, news programs, current affairs programs, documentaries, music video 24/7 (Myx), AM talk radio with DJ live on-screen (DZMM), FM radio shows with DJ live on-screen (MOR), and public affairs programs.  Every day, ABS-CBN's programming is broadcast worldwide through its agreements with dozens of cable companies' premium channels, telecom provider partnerships, Internet subscription services, and through its own 24-hour cable and satellite service, which offers pay-per-view programming.

2.      Like many creators of movies and TV content, ABS-CBN is confronted with the online infringement of the intellectual property in its programs and brands by pirate websites operating under a variety of domain names, including fmovies.to (the "Subject Domain Name").  Through their website, Defendants advertise and hold out to the public that their Subject Domain Name has ABS-CBN's copyrighted works and performs ABS-CBN's copyrighted works over the Internet, in order to illegally profit from ABS-CBN's intellectual property, without ABS-CBN's consent.

3. ABS-CBN is ignorant of the true names and capacities of Defendants named herein as John Does 1 through 10, inclusive, and therefore brings action with by such fictitious names. ABS-CBN will amend this complaint to allege their true names and capacities when ascertained.

4. On information and belief, Defendants, including through the website operating under the domain name fmovies.to, provide on-demand streaming performances of full-length versions of ABS-CBN's movies through their website. Defendants facilitate access to the infringing content which is streamed through their website, rather than users of the website uploading the content. Defendants often display the latest content to their servers soon after the initial premier in the Philippines. Further, Defendants control the organization and presentation of the content by themselves, providing links to ABS-CBN content, identifying the content as ABS-CBN's through the use of ABS-CBN's trademarks, distributing and performing such content under ABS-CBN's trademarks, and streaming such content for users' viewing through their website.

5. On information and belief, Defendants profit from their infringement at an enormous cost to ABS-CBN. Defendants are responsible for many infringements of ABS-CBN's copyrighted movies, causing substantial harm to ABS-CBN, which has made significant investments of money, time and creative energies to produce the content and to develop the technical platform, branding, promotions, sales, and goodwill around its content and distribution services. Moreover, because ABS-CBN operates worldwide, including through partnership agreements with premium cable channels, through its own Internet pay subscription service, and through its own 24-hour pay-per-view programming, free streaming of ABS-CBN's content by Defendants deprive ABS-CBN of substantial revenue that would otherwise be derived from consumers; deprive ABS-CBN's legitimate digital and broadcast advertisers and sponsors from having their ads and commercials viewed by these consumers; divert customers worldwide from its subscription services and confuse

-3-

consumers as to the source and legitimacy of its content and distribution channels; harm ABS-CBN's ability to continue to build out its paying customer base, particularly in international markets and the United States; and interfere with and harm ABS-CBN's distribution and sponsorship agreements, hurting its and its partners' profits and reputations.

6.     Defendants' website is a classic example of a pirate operation, having no regard whatsoever for the rights of ABS-CBN and willfully infringing ABS-CBN's intellectual property.  As a result, ABS-CBN requires this Court's intervention if any meaningful stop is to be put to Defendants' piracy.

## JURISDICTION AND VENUE

7.     This is an action seeking damages and injunctive relief as a result of Defendants' willful and malicious violation of the Copyright Act (17 U.S.C. §§ 101, et seq.) and Lanham Act (15 U.S.C. §§ 1051, et seq.), as well as common-law trademark violations and unfair competition under California Business & Professions Code §§ 17200 and 17500.  The copyrighted works at issue herein are foreign works produced in the Republic of the Philippines ["the Philippines"], a Berne Convention signatory.

8.     This Court has subject matter jurisdiction pursuant to 17 U.S.C. § 501; 15 U.S.C. §§ 1121, 1125; and 28 U.S.C. §§ 1331, 1338.

9.     This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over the state law claims because the claims are so related to the trademark and copyright claims in this action, over which this Court has original jurisdiction, that they form part of the same case or controversy under Article III of the United States Constitution.

10.     Defendants are subject to personal jurisdiction in this District because they target business activities towards consumers in the State of California through their advertisement, promotion, distribution, and performance of pirated ABS-CBN copyrighted works via their unauthorized Internet-based content distribution service,

including through the unauthorized use of ABS-CBN's trademarks.  Defendants' website operating under the Subject Domain Name is accessible in this District and Defendants infringe ABS-CBN's intellectual property rights in this District.  Finally, Defendants cause harm to ABS-CBN's business within this District by diverting customers in this District and within the State of California to their unauthorized Internet-based content distribution service through, at least, the website operating under the Subject Domain Name.  Defendants, through their illegal distribution service, are directly and unfairly competing with ABS-CBN's economic interests in the State of California and causing ABS-CBN harm within this jurisdiction. ABS-CBN regularly enforces its intellectual property rights and authorized this action to be brought in its name.

11.     Venue is proper in this Court pursuant 28 U.S.C. § 1391(b) because Defendants are, on information and belief, non-resident aliens, and thus may be sued in "any judicial district in which any defendant is subject to the Court's personal jurisdiction with respect to such an action," as set forth above.  Venue is also proper in this district pursuant to 28 U.S.C. § 1391(c) because a "defendant not resident in the United States may be sued in any judicial district."  Finally, venue is proper in this Court pursuant to 28 U.S.C. § 1400(a), which states that "civil actions, suits, or proceedings arising under any Act of Congress relating to copyrights… may be instituted in the district in which the defendant or his agent resides or may be found."  Defendants may be found in this district, as they are subject to personal jurisdiction herein.

## **THE PARTIES**

## **THE PLAINTIFFS**

12.     ABS-CBN Corporation is a public Philippines corporation.

13.     ABS-CBN Film Productions, Inc. is a wholly-owned subsidiary of ABS-CBN Corporation.

14.     ABS-CBN International Corporation is a wholly-owned subsidiary of

1  ABS-CBN Corporation.

2    15.  Plaintiff ABS-CBN International Corporation is, and at all times

3  relevant hereto has been, the registered owner of the following trademarks, which

4  are valid and registered on the Principal Register of the United States Patent and

5  Trademark Office (the "ABS-CBN Registered Marks"):

| Trademark | Registration Number | Registration Date | Class/Services |
|-----------|---------------------|-------------------|----------------|
| ABS-CBN | 2,334,131 | March 28, 2000 | IC 038 – television broadcasting services via satellite and cable |
| TFC | 3,733,072 | Jan. 5, 2010 | IC 038 – Cable television broadcast<br>IC 041 – television show production<br>and programming |

The ABS-CBN Registered Marks are used in conjunction with high quality services

in the categories identified above. True and correct copies of the Certificates of

Registration for the ABS-CBN Registered Marks are attached hereto as **Exhibit 1**.

16.  The ABS-CBN Registered Marks have been used in interstate

commerce for many years to identify and distinguish ABS-CBN's high quality

services, including, but not limited to, broadcast distribution services, for an

extended period of time and serve as symbols of ABS-CBN's quality, reputation,

and goodwill.

17.  The ABS-CBN Registered Marks have never been assigned or licensed

to the Defendants.

18.  The ABS-CBN Registered Marks are symbols of ABS-CBN's quality,

reputation, and goodwill and have never been abandoned.

19.  ABS-CBN International Corporation is also, and at all times relevant

hereto has been, the owner of all rights in and to the following common law

trademark (the "ABS-CBN Common Law Trademark"):

| Trademark |
|:---:|
|  |

20.     The ABS-CBN Common Law Trademark is used in conjunction with high quality products and services, including broadcasting distribution services.

21.     The ABS-CBN Common Law Trademark has been used in interstate commerce for many years to identify and distinguish ABS-CBN's high quality broadcasting distribution services and serves as a symbol of ABS-CBN's quality, reputation, and goodwill.

22.     The ABS-CBN Common Law Trademark has never been assigned or licensed to the Defendants in this matter.

23.     The ABS-CBN Common Law Trademark is a symbol of ABS-CBN's quality, reputation, and goodwill and has never been abandoned.

24.     Together, the ABS-CBN Registered Marks and the ABS-CBN Common Law trademark are referred to herein as the "ABS-CBN Marks." ABS-CBN Corporation, ABS-CBN Film Productions, Inc., and ABS-CBN International Corporation share exclusive rights in and to the ABS-CBN Marks.  Moreover, ABS-CBN Corporation, ABS-CBN Film Productions, Inc., and ABS-CBN International Corporation are all licensed to use and enforce the ABS-CBN Marks.

25.     ABS-CBN Film Productions, Inc. is the owner of the copyrights registered in the United States of America [the "Copyrighted Works"] in and to the movies specifically identified in the table below and in **Exhibit 3**.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

| Title | Registration | Date Registered |
|-------|-------------|-----------------|
| All You Need is Pag Ibig | PA 1-997-534 | 08/23/2016 |
| Always be my Maybe | PA 1-997-531 | 08/23/2016 |
| Beauty and the Bestie | PA 1-997-536 | 08/23/2016 |
| Everyday I Love You | PA 1-997-539 | 08/23/2016 |
| Ex with Benefits | PA 1-997-540 | 08/23/2016 |
| Just the Way You Are | PA 1-997-542 | 08/23/2016 |
| The Achy Breaky Hearts | PA 1-997-529 | 08/23/2016 |

26. Moreover, ABS-CBN Corporation, ABS-CBN International Corporation, and ABS-CBN Film Productions, Inc. all share exclusive rights in and to the Copyrighted Works. ABS-CBN Corporation, ABS-CBN International Corporation, and ABS-CBN Film Productions, Inc. are all licensed to distribute, perform, and enforce their rights to the Copyrighted Works.

27. ABS-CBN is the largest media and entertainment company in the Philippines. ABS-CBN's TV shows and movies are initially produced in the Philippines and then aired through its broadcast facilities or regional theaters in the Philippines. Simultaneous with, or after that original broadcast, ABS-CBN's Filipino-centric content is then distributed throughout the world via customer-paid subscriptions, including through numerous cable companies' premium channels and telecom provider partnerships, such as with DirecTV, Time Warner Cable, Cox Communications, Comcast, AT&T, Verizon Services Corp., Braintree Cable, Cablevision, CC Communications, Centurytel, Champion Broadband, Charter, Duncan Cable TV, En-Touch, Frontier Communications, GCI Cable, Golden Rain Foundation, Groton Utilities, Hawaiian Telecom, ICable, KPU CommVision, MCV, MTA Communications, Norwood Light Dept., OpenBand Media, OSN, Phonoscope, Rainier Cable TV, RCN, Rogers, San Bruno Cable, Service Electric, Shaw, Starhub, Summit Broadband, SureWest, Tacoma Public Utilities, TVMax,

Wave Broadband, Windjammer Cable, Zito Media, and others.

28.    In addition, ABS-CBN's content is distributed by ABS-CBN through Internet subscription services, such as TFC.TV and IWANTV.COM.PH, as well as through its own 24-hour cable and satellite service TFC (The Filipino Channel) and TFC IPTV, which offers Pay-Per-View programming.  On July 15, 2014, ABS-CBN launched its current TFC.TV design.  This portal is meant to provide its customers with improved navigation and easier access to the latest ABS-CBN shows and content.  In addition, it also includes a new Premium subscription package, which includes over 160+ Entertainment shows, 50+ News shows, 8+ Live shows, and 300+ Movies.

29.    ABS-CBN has expended substantial time, money, and other resources developing, advertising, and promoting the ABS-CBN Marks and Copyrighted Works.

30.    As a result of ABS-CBN's efforts, members of the consuming public readily identify services and content bearing the ABS-CBN Marks and promoted under the ABS-CBN Marks as high quality broadcasting services and content.

31.    Genuine and authorized ABS-CBN services and content are widely legitimately advertised, promoted, and distributed by ABS-CBN and its authorized partners. Over the course of the past five to seven years, visibility on the Internet, particularly via Internet search engines such as Google, Yahoo!, and Bing has become increasingly important to ABS-CBN's overall marketing and consumer education efforts.  Thus, ABS-CBN expends significant monetary resources on Internet marketing and consumer education, including search engine optimization ("SEO") strategies. Those strategies allow ABS-CBN and its authorized partners to fairly and legitimately educate consumers about the value associated with the ABS-CBN brand and the content promoted thereunder.

32.    ABS-CBN creates and distributes content serving the worldwide Filipino community.  This includes the populace of the Philippines, estimated at

92.3 million persons, as well as the substantial overseas community, which is estimated at between 10.5 million and 13.5 million persons. *See* http://www.census.gov.ph/; http://en.wikipedia.org/wiki/Overseas_Filipino. Countries with significant resident Filipino populations overseas include:  United States (3,494,281 persons); Saudi Arabia (1,267,658); UAE (931,562); Canada (852,401); Malaysia (686,547); Australia (391,705); Japan (243,136); United Kingdom (218,777); Kuwait (213,638); Qatar (200,016); Hong Kong (195,128); Singapore (184,498); and Italy (172,148).  *Id.; see also* Commission on Filipinos Overseas, *Stock Estimate of Overseas Filipinos* (as of Dec. 2012) (http://cfo.gov.ph/images/stories/pdf/2012_Stock_Estimate_of_Filipinos_Overseas.pdf).

33.     The United States hosts the largest population of Filipinos outside of the Philippines.  *Id.*  Filipinos are estimated by the U.S. State Department to be the second-largest Asian-American group in the country.  *See* http://en.wikipedia.org/wiki/Overseas_Filipino; U.S. Department of State, *U.S. Relations with the Philippines, Bureau of East Asian and Pacific Affairs Fact Sheet* (Jan. 31, 2014) (http://www.state.gov/r/pa/ei/bgn/2794.htm).  In addition, Tagalog is the fifth most spoken language in the U.S.  *See* http://en.wikipedia.org/wiki/Overseas_Filipino.  California has the largest Filipino-American population; California is home to 45 percent of all Filipino immigrants to the United States, totaling approximately 1,474,707.  *Available at* http://en.wikiedia.org/wiki/Demographics_of_Filipino_Americans (citing 2010 United State Census Bureau's Profile of General Population and Housing Characteristics). California is a critical market in the United States for ABS-CBN's business given the size of the State's Filipino community.

## THE DEFENDANTS

34.     Defendants operate through the Subject Domain Name and are comprised of individuals, partnerships and/or business entities of unknown makeup,

which, upon information and belief, reside and/or operate in foreign jurisdictions. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).  Defendants' website operating under the Subject Domain Name is accessible in this District and throughout the United States of America.

35.     Upon information and belief, Defendants use aliases in conjunction with the operation of their businesses.

36.     On information and belief, Defendants are directly and personally contributing to, inducing, and engaging in trademark and copyright infringement, as alleged herein.

37.     Defendants are part of an ongoing scheme to create and maintain an illegal online distribution network of ABS-CBN's and others' intellectual properties which (i) confuses consumers as to the source of Defendants' infringing content and the legitimacy of its distribution service and (ii) expands the marketplace for illegal distribution services of pirated content while shrinking the legitimate marketplace for genuine distribution services of ABS-CBN's Copyrighted Works.  The natural and intended byproduct of Defendants' actions is the erosion and destruction of the goodwill associated with the ABS-CBN name and associated trademarks, as well as the destruction of the legitimate market sector in which it operates.

38.     Defendants are the past and present conscious force behind the operation of, at least, the Subject Domain Name.

39.     Upon information and belief, Defendants directly engage in unfair competition with ABS-CBN by (i) advertising, offering for distribution, promoting, and performing ABS-CBN's Copyrighted Works without authorization under counterfeits and infringements of one or more of ABS-CBN's trademarks to consumers within the United States and within this District through the website operating under the Subject Domain Name and additional domains and websites not yet known to ABS-CBN, and (ii) creating and maintaining an illegal marketplace enterprise for the purpose of diverting business from legitimate distribution services

of the Copyrighted Works offered by ABS-CBN and its partners. Defendants have purposefully directed at least some material portion of their illegal activities towards consumers in the State of California through the advertisement, offers to perform and performance of ABS-CBN's Copyrighted Works in the State. Defendants' infringing website is accessible from California (including this District).

40. On information and belief, Defendants have registered, established, or purchased, and maintained the Subject Domain Name, and the website operating thereunder. On information and belief, Defendants have anonymously registered and maintained the Subject Domain Name for the sole purpose of engaging in illegal activities.

41. On information and belief, Defendants will continue to register, transfer, and/or acquire new domain names for the purpose of infringing ABS-CBN's trademarks and copyrights unless preliminarily and permanently enjoined. Moreover, on information and belief, Defendants will continue to maintain and grow their illegal distribution service network at ABS-CBN's expense unless preliminarily and permanently enjoined.

42. Defendants' entire Internet-based website business amounts to nothing more than an illegal operation established and operated in order to infringe the intellectual property rights of ABS-CBN and others.

43. Defendants' business names (*i.e.*, the Subject Domain Name and any other domain names used in connection with infringing ABS-CBN's trademarks or copyrights), are essential components of Defendants' infringing activities. The Subject Domain Name itself is a significant part of the means by which Defendants further their infringing scheme and cause harm to ABS-CBN in that they cause and effect the infringement as described below. Moreover, Defendants are using ABS-CBN's famous name, trademarks, and Copyrighted Works to drive Internet consumer traffic to their website operating under the Subject Domain Name, thus increasing the value of the Subject Domain Name and decreasing the size and value

of ABS-CBN's legitimate common marketplace at ABS-CBN's expense.

## FACTUAL ALLEGATIONS

44.     On information and belief, and at all times relevant hereto, Defendants in this action have had full knowledge of ABS-CBN's ownership of the ABS-CBN Marks and the Copyrighted Works, including its exclusive rights to use, perform, distribute, and license such intellectual property and the goodwill associated therewith.

45.     Defendants advertise ABS-CBN's Copyrighted Works to the public, and use the ABS-CBN Marks to distribute and perform such content. *See* **Exhibit 2**. Defendants use the ABS-CBN Marks, without authorization, to attract consumer traffic to their website and distribute and perform the infringing performances of the Copyrighted Works available thereon.

46.     ABS-CBN's representatives have viewed the infringements of the ABS-CBN Marks as well as infringements of ABS-CBN's Copyrighted Works on Defendants' website in the Central District of California.

47.     Further, Defendants use the ABS-CBN Marks, without authorization, to falsely suggest the infringing video content embedded on the website for streaming is authorized, genuine content approved, endorsed, and sponsored by the ABS-CBN. *See* **Exhibit 2**.

48.     Defendants' website streams many of ABS-CBN's Copyrighted Works. *See* **Exhibit 3**.

49.     On information and belief, Defendants' streaming of the video content also enables users to copy the Copyrighted Works.

50.     On information and belief, Defendants' website is a "closed website," meaning that it does not allow users to make additions or changes to the website, such that the content streamed through the website can only be provided by the website's operators and not uploaded by viewers. On information and belief, the operators of Defendants' website also insert the links provided on the website

through which users view ABS-CBN's video content in a player window on the website.  When a user clicks on the link to one of ABS-CBN's movies, Defendants' website then streams the full-length version of the video.  This includes, but is not limited to, the movies identified above in Paragraph 25, as shown in **Exhibit 3**.

51.     On information and belief, the large inventory of popular entertainment content available on Defendants' website, including full-length copies of new releases and archived movies – all available at the click of a button and often made available immediately after the original premiere – is provided in order to attract users to the infringing content.

52.     Defendants' Internet-based website business is an illegal operation, infringing on the intellectual property rights of ABS-CBN through their distribution and performance of ABS-CBN's Copyrighted Works and use of the ABS-CBN Marks to promote, advertise, and distribute such content.  On information and belief, Defendants are using identical copies of ABS-CBN's trademarks for lesser quality services.  ABS-CBN has extensively and continuously used the ABS-CBN Marks before Defendants began offering counterfeit and confusingly similar imitations of ABS-CBN's distribution services.  The net effect of Defendants' actions will cause confusion of consumers at the time of initial interest and during the use of the Defendants' illegal distribution service on their website, who will believe Defendants' website is a legitimate, authorized distributor or is authorized and/or approved by ABS-CBN.

53.     On information and belief, Defendants operate a website that serves only one purpose – to function as a commercial online hub for publicly providing performances of popular copyrighted content, including many of ABS-CBN's Copyrighted Works, over the Internet to many users, without authorization or license.  On information and belief, Defendants effect this illegal scheme, in part, through the draw to consumers of ABS-CBN's Marks on its website in order to achieve higher rankings in search engines, and by promoting their illegal

1  distribution network through social media.  *See* **Exhibit 4**.

2      54.     Defendants are infringing ABS-CBN's trademarks through their

3  copying, use, distribution and/or performance of ABS-CBN's Copyrighted Works

4  under the ABS-CBN Marks on the Internet website operating under the Subject

5  Domain Name.

6      55.     Defendants are causing concurrent and indivisible harm to ABS-CBN

7  and the consuming public by (i) causing an overall degradation of the value of the

8  goodwill associated with the ABS-CBN Marks, (iii) increasing ABS-CBN's overall

9  cost to market its content and services and educate consumers about its brand via the

10  Internet, and (iii) maintaining an illegal marketplace enterprise which perpetuates

11  the ability of Defendants and future entrants to that marketplace to confuse

12  consumers and harm ABS-CBN.

13      56.     On information and belief, Defendants are concurrently conducting and

14  targeting their counterfeiting and infringing activities towards consumers and

15  causing harm within this district and elsewhere throughout the United States. As a

16  result, Defendants are defrauding ABS-CBN and the consuming public for

17  Defendants' benefit.

18      57.     Defendants' use of the ABS-CBN Marks and performances of the

19  Copyrighted Works are without ABS-CBN's consent or authorization.

20      58.     Defendants are engaging in the above-described illegal counterfeiting

21  and infringement activities knowingly and intentionally or with reckless disregard or

22  willful blindness to ABS-CBN's intellectual property rights for the purpose of

23  trading on ABS-CBN's goodwill and reputation.  If Defendants' intentional

24  counterfeiting and infringing activities are not preliminarily and permanently

25  enjoined by this Court, ABS-CBN and the consuming public will continue to be

26  irreparably harmed.

27      59.     Defendants' above-identified infringing activities are likely to cause

28  confusion, deception, and mistake in the minds of consumers and the public before,

1   during, and after their use of the Defendants' illegal content distribution services.

2   Moreover, Defendants' wrongful conduct is likely to create a false impression and

3   deceive customers and the public into believing there is a connection or association

4   between ABS-CBN and Defendants, which there is not.

5        60.    On information and belief and based on publicly available sources, by

6   advertising, promoting and performing the Copyrighted Works, and encouraging,

7   facilitating and assisting in the viewing and copying of the copyrighted content,

8   Defendants' website attracts millions of page views each day.

9        61.    On information and belief, the infringement-driven traffic increases the

10  volume of online advertising impressions and transactions, and thereby increases

11  online advertising revenues and enables Defendants to charge advertisers higher

12  rates, and reap significant profits thereby.  Moreover, the wrongfully obtained

13  consumer traffic increases the value of the Subject Domain Name.  In these ways,

14  the Defendants' illicit business model critically depends on attracting users to view

15  ABS-CBN's highly-valued Copyrighted Works.

16       62.    On information and belief, Defendants derive revenue from ad

17  impressions, and the sale of highly valuable user analytic data, from and to the ad

18  services that are operating on their unlawful website.

19       63.    Defendants, on information and belief, infringe, induce, cause and/or

20  materially contribute to the infringing activity of their users by promoting, through

21  the text and content of the website, the presence and availability of copies of ABS-

22  CBN's Copyrighted Works.  *See* **Exhibits 2 and 3**.

23       64.    On information and belief, Defendants infringe, and induce, cause

24  and/or materially contribute to the infringing activity of their users by distributing

25  and performing, through the use of ABS-CBN's trademarks and specific

26  identification of movies as ABS-CBN's, ABS-CBN's Copyrighted Works.  *See*

27  **Exhibits 2 and 3**.

28       65.    Defendants infringe, and induce, cause and/or materially contribute to

the infringing activity of their users, by frequently updating their inventory of content, often very shortly thereafter the original premier in the Philippines, in order to tap into the known market for pirated Filipino-centric content and constantly promote to consumers the presence and availability of copies of ABS-CBN's Copyrighted Works, including movies currently in theaters.

66.     Because Defendants cause the infringed content to be displayed on their website and be streamed, they could stop the infringement at any point.

67.     However, Defendants do not implement any means to prevent infringement because to do so would defeat the very purpose for which the Subject Domain Name and associated website exist – *i.e.*, to provide copyrighted movies with Filipino content by infringing upon the trademarks of the largest media company in the Philippines.

68.     Defendants have actual and constructive knowledge, or should have knowledge, of their and their users' infringement of ABS-CBN's Copyrighted Works and trademarks for at least the reasons that:  (i) they insert and provide links to, organize by movie title, and perform the infringing content for users; (ii) they distribute and perform the content under ABS-CBN's Marks; and (iii) as the largest media and entertainment company in the Philippines, ABS-CBN's Copyrighted Works are highly popular in Filipino communities and Defendants profit as a direct result of broadcasting that content.

69.     ABS-CBN has no adequate remedy at law.

70.     ABS-CBN is suffering irreparable and indivisible injury and has suffered substantial damages as a result of Defendants' unauthorized and unlawful use of the ABS-CBN Marks and Copyrighted Works.  If Defendants' counterfeiting and infringing activities and their illegal marketplace enterprise are not preliminarily and permanently enjoined by this Court, ABS-CBN and the consuming public will continue to be harmed.

71.     The harm and damage sustained by ABS-CBN has been directly and

proximately caused by Defendants' infringing activities and by the creation, maintenance, and very existence of Defendants' illegal marketplace.

### FIRST CLAIM FOR RELIEF

### Federal Trademark Infringement

### [15 U.S.C. § 1114]

### (Against All Defendants)

72.     ABS-CBN repeats and re-alleges every allegation contained in paragraphs 1 through 71 as though fully set forth herein.

73.     The actions of Defendants described above and specifically, without limitation, their unauthorized use of the ABS-CBN Marks, and confusingly similar variations or imitations thereof, in commerce to advertise, promote, market, distribute and perform ABS-CBN's Copyrighted Works (the "pirated content") on their websites that are accessible throughout the United States, including California, constitute infringement of a registered trademark in violation of 15 U.S.C. §§ 1114.

74.     Specifically, Defendants are distributing and performing the ABS-CBN Copyrighted Works using the ABS-CBN Marks, without authorization.  *See* **Exhibits 2 and 3**.

75.     Defendants' counterfeiting and infringing use of the ABS-CBN Marks is likely to cause and actually is causing confusion, mistake, and deception among members of the general public as to the origin and quality of the pirated content as well as the legitimacy of Defendants' illegal broadcast distribution service.

76.     Defendants' unlawful actions have caused and are continuing to cause unquantifiable and irreparable harm and unquantifiable damages to ABS-CBN and are unjustly enriching Defendants at ABS-CBN's expense.

77.     Defendants' above-described illegal actions constitute counterfeiting and infringement of the ABS-CBN Marks in violation of ABS-CBN's rights under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

78.     The actions of Defendants, if not enjoined, will continue.  ABS-CBN

has suffered and continues to suffer unquantifiable and irreparable harm, among other things, diminution in the value of and goodwill associated with the ABS-CBN Marks and injury to ABS-CBN's business.  Plaintiffs are therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

79.     Under 15 U.S.C. § 1117, ABS-CBN is entitled to recover damages in an amount to be determined at trial and the costs of this action.  Furthermore, ABS-CBN is informed and believes, and on that basis alleges, that Defendants' infringement was undertaken willfully and with the intention of causing confusion, mistake, or deception, making this an exceptional case entitling ABS-CBN to recover additional treble damages and reasonable attorneys' fees.

## SECOND CLAIM FOR RELIEF
### False Designation of Origin
### [15 U.S.C. § 1125(a)]
### (Against All Defendants)

80.     ABS-CBN repeats and re-alleges every allegation contained in paragraphs 1 through 79 as though fully set forth herein.

81.     Defendants' illegal distribution service for the pirated content is using exact copies of the ABS-CBN Marks to perform and distribute the pirated Copyrighted Works, including within many of ABS-CBN's important business markets, such as the State of California.

82.     Defendants are using the ABS-CBN Marks in connection with their illegal distribution service for the pirated content in violation of ABS-CBN's intellectual property rights and to intentionally confuse consumers into believing the pirated content and broadcast distribution services are sponsored and endorsed by ABS-CBN.  *See* **Exhibits 2 and 3**.  Defendants' unauthorized use of the ABS-CBN Marks is designed to falsely suggest that their activities are sponsored and/or endorsed by ABS-CBN.  On information and belief, Defendants' unlawful use of the ABS-CBN Marks is designed to make their services appear legitimate in order to

attract a larger number of viewers which results in larger advertising revenue for Defendants.

83.   Defendants, on information and belief, have used in connection with their illegal broadcast distribution service, false designations of origin and false descriptions and representations, including words or symbols which tend to falsely describe or represent such distribution services to the general viewing public, with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to ABS-CBN's detriment.

84.   Defendants have authorized infringing uses of the ABS-CBN Marks in connection with their illegal broadcast distribution service for pirated content. Defendants have misrepresented to members of the consuming public that the pirated content to which Defendants are facilitating access is genuine and authorized content of ABS-CBN, and that their broadcast distribution services for such content are sponsored and/or endorsed by ABS-CBN.

85.   Defendants' above-described actions constitute false designation of origin, passing off, and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

86.   ABS-CBN has no adequate remedy at law, and has sustained injury and damages caused by Defendants' conduct.  Absent an entry of an injunction by this Court, ABS-CBN will continue to suffer irreparable injury to its goodwill and business reputation.  Plaintiffs are therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

87.   ABS-CBN is also entitled to recover damages in an amount to be determined at trial and the costs of this action.

/ / /

### THIRD CLAIM FOR RELIEF

### Common Law Trademark Infringement

### (Against All Defendants)

88.     ABS-CBN repeats and realleges every allegation contained in paragraphs 1 through 87 as if set fully forth herein.

89.     This is an action for common law trademark infringement against Defendants based on their offering for distribution, distribution, offers to perform and performance of the Copyrighted works using ABS-CBN's Marks.  Specifically, Defendants, upon information and belief, are offering for distribution, distributing, offering to perform and performing the Copyrighted Works and using ABS-CBN Marks without permission .

90.     ABS-CBN is the owner of all common law rights in and to the ABS-CBN Marks.  By reason of ABS-CBN's continuous use and promotion of the ABS-CBN Marks, as well as the distinctiveness of the ABS-CBN Marks, consumers associate and recognize the marks as representing a single source or sponsor, and therefore the ABS-CBN Marks are protectable at common law.

91.     Defendants' infringing activities are likely to cause and are actually causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' distribution services using the ABS-CBN Marks.

92.     The actions of Defendants, if not enjoined, will continue.  ABS-CBN is suffering damages and injury as a result of Defendants' actions, alleged herein, in an amount to be proven at trial consisting of, among other things, diminution in the value of and goodwill associated with the ABS-CBN Marks and injury to ABS-CBN's business.  Further, ABS-CBN is informed and believes and on that basis alleges that the alleged acts of Defendants' were willful, malicious, entitling ABS-CBN to punitive damages.

93.     ABS-CBN has no adequate remedy at law and is suffering damages and irreparable injury as a result of Defendants' actions.  ABS-CBN is therefore entitled to injunctive relief, as well as monetary damages.

### FOURTH CLAIM FOR RELIEF

### Direct Copyright Infringement

### [17 U.S.C. §§ 501, *et seq.*]

### (Against All Defendants)

94.     ABS-CBN repeats and realleges every allegation contained in paragraphs 1 through 93 as if fully set forth herein.

95.     ABS-CBN Film Productions, Inc. has registered and owns the copyrights in and to the movies specifically identified in in paragraph 25 hereto, as shown in **Exhibit 3**.

96.     Defendants have copied, performed and distributed these works through their website as part of a large scale and ongoing daily illegal enterprise. This illegal enterprise, without injunctive relief, will continue through the Subject Domain Name as well as through other domains owned now or in the future by the Defendants.

97.     Defendants are directly liable for infringing ABS-CBN's copyrighted works under the Copyright Act, 17 U.S.C. §§ 106(1), (3), (4) & 501.

98.     Without authorization from ABS-CBN, or right under law, Defendants have directly infringed ABS-CBN's Copyrighted Works by their performance and distribution of those works used by Defendants to cause and effect the copying, performance and/or distribution of those works through their website to public users worldwide. *See* **Exhibits 2 and 3**.

99.     Defendants have actual and constructive knowledge, or should have knowledge, of their infringement of ABS-CBN's Copyrighted Works for at least the reasons that:  (i) they insert and provide links to, organize by show title, and perform the infringing content, and do so for the purpose of users' viewing of pirated

content; (ii) they advertise and promote the content on their website; (iii) as the largest media and entertainment company in the Philippines, ABS-CBN's content is highly popular in Filipino communities and  Defendants profit as a direct result of broadcasting that content.

100.   The foregoing acts of infringement have been willful, intentional, and purposeful, in disregard of and indifferent to ABS-CBN's rights.

101.   As a direct and proximate result of Defendants' infringement of ABS-CBN's exclusive rights, ABS-CBN is entitled to actual damages as well as Defendants' profits pursuant to 17 U.S.C. § 504(b).  Alternatively, ABS-CBN is entitled to the maximum statutory damages in the amount of $150,000.00 per infringement, pursuant to 17 U.S.C. § 504(c), or such other amount as may be proper pursuant to 17 U.S.C. § 504(c).  ABS-CBN is further entitled to its attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

102.   Defendants' unlawful actions have caused and are continuing to cause unquantifiable and irreparable harm and unquantifiable damages to ABS-CBN and are unjustly enriching Defendants at ABS-CBN's expense.

103.   This illegal enterprise, without injunctive relief, will continue through the Subject Domain Name as well as through other domains owned now or in the future by the Defendants.  ABS-CBN is entitled to injunctive relief, as set forth below, because of the continuing infringement of many of ABS-CBN's Copyrighted Works and because of the significant threat of future infringement as evidenced herein.

## **FIFTH CLAIM FOR RELIEF**

### **Contributory Copyright Infringement**

**[17 U.S.C. §§ 501, *et seq.*]**

**(Against All Defendants)**

104.   ABS-CBN repeats and realleges every allegation contained in paragraphs 1 through 103 as if fully set forth herein.

-23-

105.   On information and belief, users of Defendants' website operating under the Subject Domain Name have directly infringed ABS-CBN's copyrights, including those Copyrighted Works identified in in paragraph 25 hereto, as shown in **Exhibit 3**, by performing, copying and/or distributing works owned by ABS-CBN, without authorization, or right under law, in violation of the Copyright Act, 17 U.S.C. §§ 106(1), (3), (4) & 501.

106.   Defendants are contributorily liable for their users' direct infringement of ABS-CBN's Copyrighted Works in violation of the Copyright Act.

107.   Defendants have actual and constructive knowledge, or should have knowledge, of their users' infringement of ABS-CBN's Copyrighted Works for at least the reasons that: (i) they insert and provide links to, organize by movie title, and perform the infringing content, and do so for the purpose of users' viewing; (ii) they advertise and promote the content on the website; and (iii) as the largest media and entertainment company in the Philippines, ABS-CBN's content is highly popular in Filipino communities and Defendants profit as a direct result of broadcasting that content.

108.   Defendants induce, cause, enable, facilitate, and/or materially contribute to the infringing activity of their users for all the reasons stated herein, including but not limited to because Defendants: (i) advertise the presence and availability of "free" Filipino content; (ii) promote the presence and availability of Filipino content and, specifically, ABS-CBN's content, through (a) the text and content on their website and (b) through the use of ABS-CBN's trademarks and specific identification of movies as ABS-CBN's; (iii) display pirated content and organize that content for ready access by movie title; (iv) insert the links on their website directing users where to view the content; (v) stream the infringing content to users for viewing; (vi) frequently update their inventory of content, often within minutes or hours of the broadcast in the Philippines, in order to tap into the known market for pirate Filipino-centric content and constantly to feed the consumers'

1   desire for that content; (vii); enable users to copy the works; and (viii) because by
2   promoting and providing the content, Defendants drive more traffic to their website
3   to increase the profits they reap from advertising and other revenue.

4          109.   Defendants have the right and ability to supervise and control their
5   website and the users' infringing activity as set forth above.  Because Defendants
6   cause the infringed content to be loaded on their "closed website" and be streamed
7   on their website, they could stop the infringement at any point.

8          110.   Defendants derive a financial benefit directly attributable to their users'
9   infringement of ABS-CBN's copyrights.  Popular, copyrighted works act as a draw
10  that attracts users and advertising to the Subject Domain Name and associated
11  website, resulting in revenues from advertising impressions tied to page views and
12  other sources.

13         111.   Defendants have taken affirmative steps to foster infringement by
14  creating their website and streaming the content, viewed through video player
15  embedded thereon, with the object of promoting the illegal viewing of ABS-CBN's
16  copyrighted movies by presentation of the movies in association with ABS-CBN as
17  the television network and trademarked titles associated with a telecast; and by
18  promoting the website and their pirated content through the website itself and
19  through social media such as Facebook.  *See* **Exhibits 2, 3, and 4**.

20         112.   Defendants do not merely respond to user requests in a passive,
21  content-neutral, and automated manner.  To the contrary, as set forth above, they
22  control the selection and provision of the content and make that content available
23  and accessible to its public users.  Without the active and material contributions
24  from Defendants, the massive infringement complained of herein could not have
25  taken place.

26         113.   Defendants are the direct and proximate cause of the harm to ABS-
27  CBN alleged herein, and through the foregoing conduct are contributorily liable for
28  their users' copyright infringement.  Defendants are causing damage to ABS-CBN

in an amount to be proven at trial.  ABS-CBN is entitled to actual damages as well as Defendants' profits pursuant to 17 U.S.C. § 504(b).  Alternatively, ABS-CBN is entitled to the maximum statutory damages in the amount of $150,000.00 per infringement, pursuant to 17 U.S.C. § 504(c), or such other amount as may be proper pursuant to 17 U.S.C. § 504(c).

114.   The foregoing acts of infringement by Defendants have been willful, intentional, and purposeful, malicious, and in wanton disregard of and indifference to ABS-CBN's rights.

115.   As a direct and proximate result of Defendants' infringement of ABS-CBN's exclusive rights, Defendants have caused and will continue to cause ABS-CBN irreparable harm for which there is no adequate remedy at law.

116.   This illegal enterprise, without injunctive relief, will continue through the Subject Domain Names as well as through other domains owned now or in the future by the Defendants.  ABS-CBN is entitled to injunctive relief, as set forth below, because of the continuing infringement of many of ABS-CBN's Copyrighted Works and because of the significant threat of future infringement as evidenced herein.

117.   ABS-CBN is further entitled to its attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

## SIXTH CLAIM FOR RELIEF

## Unfair Competition and False Advertising

### [California Business & Professions Code §§ 17200 and 17500 *et seq.*]

### (Against All Defendants)

118.   ABS-CBN repeats and re-alleges every allegation contained in paragraphs 1 through 93 as though fully set forth herein.

119.   Defendants' unauthorized use of the ABS-CBN Marks, and confusingly similar variations or imitations thereof, in commerce to advertise, promote, market, distribute and perform ABS-CBN's Copyrighted Works constitutes trademark

infringement, false advertising, and unfair competition in violation of the laws of the State of California.

120.   By these actions, Defendants have engaged in false advertising and unfair competition in violation of the statutory law of the state of California, Cal. Bus. & Prof. Code §§ 17200 and 17500, et seq., and, as a result, ABS-CBN has lost money and/or property and has been injured in fact and will continue to be injured in its business, reputation, and goodwill.

121.   As described above, Defendants are promoting, advertising and otherwise using the ABS-CBN Marks for the purpose of creating a veneer of legitimacy for Defendants' operation.  Defendants are using counterfeits and infringing ABS-CBN Marks to unfairly compete with ABS-CBN and others for (i) space in search engine results across an array of search terms and (ii) visibility on the World Wide Web for the purpose of earning a profit at the ABS-CBN's expense.

122.   ABS-CBN is suffering monetary damages and irreparable injury as a result of Defendants' wrongful actions.

123.   ABS-CBN is entitled to injunctive relief and other orders to address and prevent Defendants' unfair competition and false advertising.

## **PRAYER FOR RELIEF**

WHEREFORE, ABS-CBN prays for relief against Defendants as follows:

A.      Entry of temporary, preliminary, and permanent injunctions enjoining Defendants, their agents, representatives, servants, employees, and all those acting in concert or participation therewith, from advertising, promoting, performing, copying, broadcasting, performing, and/or distributing any ABS-CBN Copyrighted Works and/or content that currently exists or which exists in the future; from infringing, counterfeiting, or diluting the ABS-CBN Marks, or any mark similar thereto, in connection with the advertisement, promotion, or distribution of pirated content, from using any logo, trade name or trademark or trade dress that may be calculated to falsely advertise the service of Defendants as being sponsored by,

authorized by, endorsed by, or in any way associated with ABS-CBN; from falsely representing themselves as being connected with ABS-CBN, through sponsorship or association, or engaging in any act that is likely to falsely cause members of the public to believe any pirated content or services of Defendants are in any way endorsed by, approved by, and/or associated with ABS-CBN; from using any reproduction, counterfeit, infringement, copy or colorable imitation of the ABS-CBN Marks in connection with the publicity, promotion, advertising, or distribution of any pirated content by Defendants; from affixing, applying, annexing or using in connection with the promotion, distribution, or advertisement of any pirated content, a false description or representation, including words or other symbols tending to falsely describe or represent  Defendants' pirated content as being in any way endorsed by ABS-CBN; from engaging in search engine optimization strategies using colorable imitations of the ABS-CBN name or trademarks; and from otherwise unfairly competing with ABS-CBN;

B.     Entry of temporary, preliminary and permanent injunctions, enjoining Defendants from creating, maintaining, operating, joining, and participating in, the World Wide Web based illegal marketplace used to copy, distribute, perform, advertise, or promote pirated content bearing counterfeits or infringements of the ABS-CBN Marks;

C.     Entry of an Order pursuant to 28 U.S.C §1651(a), The All Writs Act, that, upon ABS-CBN's request, the top level domain (TLD) Registry(ies) for the Subject Domain Name or its administrators, including backend registry operators or administrators, place the Subject Domain Name on Registry Hold status for the remainder of the registration period for any such domain names, thus removing it from the TLD zone files which link the Subject Domain Name to the IP address where the associated website is hosted;

D.     Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, canceling or deleting, or, at ABS-CBN's election, transferring the Subject Domain

1   Name and any other domain names used by Defendants to engage in their infringing

2   activities at issue to ABS-CBN's control so that they may no longer be used for

3   illegal purposes;

4        E.    Entry of other Orders to address or otherwise prevent Defendants' acts

5   of unfair competition and false advertising;

6        F.    An award of all damages sustained by ABS-CBN in consequence of

7   Defendants' copyright infringement together with appropriate interest thereon; that

8   Defendants be required to account to ABS-CBN for, and disgorge to ABS-CBN, and

9   to pay to ABS-CBN, all the gains, profits, savings and advantages realized by

10   Defendants from their acts of copyright infringement described above; and an award

11   to ABS-CBN, at its election, statutory damages within the provisions of 17 U.S.C.

12   § 504(c), enhanced to reflect the willful nature of  Defendants' infringement, instead

13   of an award of actual damages or profits, and be awarded its costs and

14   disbursements incurred in this action, including reasonable attorneys' fees pursuant

15   to 17 U.S.C. § 505;

16        G.    Awards of compensatory damages resulting from Defendants' acts of

17   trademark infringement and unfair competition;

18        H.    That Defendants be required to account to ABS-CBN for, and disgorge

19   to ABS-CBN, and to pay to ABS-CBN, all the gains, profits, savings and

20   advantages realized by Defendants from their acts of trademark and unfair

21   competition infringement as permitted by law;

22        I.    Awards of exemplary, trebled, enhanced, or punitive damages as

23   permitted by law;

24        J.    Entry of an order requiring Defendants to pay ABS-CBN's attorneys'

25   fees and investigative fees, and full costs and disbursements in this action;

26        K.    Entry of an Order requiring all funds, up to and including the total

27   amount of judgment, in payment accounts or advertising revenue accounts used in

28   connection with the Subject Domain Names, and any other accounts, to be

     COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1    surrendered to ABS-CBN's in partial satisfaction of the monetary judgment entered

2    herein;

3         L.    Entry of an order requiring Defendants to pay prejudgment interest

4    according to law; and

5         M.    Entry of an order for such other and further relief as the Court may

6    deem proper and just.

7    Dated:  October 27, 2016

8                                    SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

9
                                     By _____ /s/ Rebecca Edelson _____
10                                                      SEONG KIM
11                                                    REBECCA EDELSON
                                                    Attorneys for Plaintiffs
12                                                ABS-CBN CORPORATION,
                                             ABS-CBN FILM PRODUCTIONS, INC.
13                                                 d/b/a Star Cinema, and
                                          ABS-CBN INTERNATIONAL CORPORATION
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**DEMAND FOR JURY TRIAL**

2

Plaintiffs request a trial by jury on all issues so triable in this action.

3

Dated:  October 27, 2016

4

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

5

6

By _____ /s/ Rebecca Edelson _____

SEONG KIM

7

REBECCA EDELSON

8

Attorneys for Plaintiffs
ABS-CBN CORPORATION,

9

ABS-CBN FILM PRODUCTIONS, INC.
d/b/a Star Cinema, and

10

ABS-CBN INTERNATIONAL CORPORATION

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF